This procurement contract case comes before the court on the parties’ cross-motions for summary judgment and on defendant’s counterclaim. Plaintiff contracted with the Department of the Army to supply 1,099 signal generators at a contract price of $1,630,553.60. Plaintiff contends that the contract’s subsequent termination for default should be changed to a termination for convenience of the Government. Plaintiff requests Wunderlich Act review, 41 U.S.C. §§321, 322 (1976), of a decision by the Armed Services Board of Contract Appeals (board) denying plaintiffs claim. Orion Electronic Corp., 80-1 BCA ¶14,219, ASBCA No. 18918 (1979). Defendant urges approval of the board’s decision and also counterclaims against plaintiff for unliquidated progress payments in the amount of $564,963.58.
In view of the board’s extensive and thorough discussion of plaintiffs claim, we have no need to spell out the matter on our own. We are satisfied with the board’s factual conclusions and base our judgment on them. The decision of the board is supported by substantial evidence and is not fraudulent, arbitrary, capricious, or so grossly erroneous as to imply bad faith. Thus, under the standards of the Wunderlich Act, we have no basis for disturbing the board’s factual determination. See United States v. Carlo Bianchi & Co., 373 U.S. 709 (1963); Hol-Gar Manufacturing Corp. v. United States, 169 Ct. Cl. 384, 351 F.2d 972 (1965). Similarly, we concur with the board’s rulings on legal issues.
Plaintiff has defended against the Government’s counterclaim in this court only to the extent of denying the dollar amount to which defendant may be entitled. The board allowed defendant’s claim, but held that "[t]he exact sum of such payments cannot be determined from the record and must be resolved by the parties.” 80-1 BCA at 70,011. The parties apparently have not resolved this issue, and there has been no finding by the board as to the value of defendant’s counterclaim. Therefore, while affirming the board’s decision as to liability, we remand the counterclaim to the board for determination of the amount of recovery by *991 such further proceedings as appropriate and necessary. Gulf & Western Industries, Inc., v. United States, ante at 1, 671 F.2d 1322 (1982). Accordingly,
IT IS ORDERED, on consideration of the record and the parties’ submissions but without oral argument, that plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. Defendant’s counterclaim is remanded to the board for a determination of the amount of damages.
Further proceedings before this court are stayed for a period not to exceed 6 months. Defendant’s counsel is, pursuant to Rules 149(f) and 150, designated to advise the court of the status of the proceedings before the board.
Plaintiffs motion for rehearing, etc. was denied July 16, 1982.